IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LISA HUNTER, JACOB ZABEL,
JENNIFER OH, JOHN PERSA, GERALDINE
SCHERTZ, and KATHLEEN QUALHEIM,

                Plaintiffs,

  v.

MARGE BOSTELMANN, JULIE M. GLANCEY,
ANN S. JACOBS, DEAN KNUDSON, ROBERT
F. SPINDELL, JR., and MARK L. THOMSEN, in
their official capacities as members of the
Wisconsin Elections Commission,

                Defendants.

OPINION and ORDER

21-cv-512-jdp-ajs-eec

Plaintiffs are Wisconsin residents registered to vote in this state. They contend that under the newly released results of the 2020 census, Wisconsin's state legislative and congressional districts are malapportioned, and they reside in districts that are now "overpopulated relative to other districts in the state." Dkt. 1, ¶ 14. If the districts are not redrawn before the next election, plaintiffs say, their votes will be diluted, violating their rights under the United States Constitution in several ways.

Several preliminary matters require the attention of the court and the parties.

The Wisconsin Legislature moves to intervene in the case and it has offered a motion to dismiss the complaint that it would file if allowed to intervene. Dkt. 8.[1] The legislature claims a right to intervene under Rule 24(a), or alternatively that it should be allowed to intervene permissively under Rule 24(b). Permissive intervention is appropriate under Rule

---

[1] The Legislature also filed a motion for leave to file a reply brief. Dkt. 23. That motion is granted.

24(b), so it is unnecessary to decide whether the legislature meets the requirements of Rule 24(a).

Permissive intervention under Rule 24(b) is appropriate if the motion is timely and the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision whether to allow intervention is committed to the discretion of the court, *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000), but "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). *See also Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019).

The legislature filed its motion only a few days after plaintiffs filed this lawsuit, so the motion is timely. The legislature intends to raise defenses that share common questions of law and fact with claims of the parties. Federal courts in Wisconsin have routinely granted motions to intervene by state legislators and legislative bodies in other cases involving redistricting. *See Whitford v. Gill*, No. 15-cv-421-jdp (W.D. Wis. Nov. 13, 2018) (granting Wisconsin Assembly's motion to intervene under Rule 24(b)); *Arrington v. Elections Bd.*, 173 F. Supp. 2d 856, 867 (E.D. Wis. 2001) (granting motion to intervene of the Assembly Speaker and Senate Minority Leader); *Prosser v. Elections Bd.*, 793 F. Supp. 859, 862 (W.D. Wis. 1992) (noting that "[t]he Democratic leaders of the Wisconsin legislature were permitted to intervene").

Plaintiffs object to intervention under Rule 24(b) on the ground that the Legislature will either duplicate the arguments of the Wisconsin Election Commission or overly complicate the case because "the State would be represented by two entities." Dkt. 17, at 17. But plaintiffs filed this suit predicated on theory that there is "no reasonable prospect" that that the legislature will be able to enact new districts into law because the governor is likely to veto any

legislation they pass. Dkt. 1, ¶ 6. Plaintiffs point out that "[i]n the last four decades, each time Wisconsin's political branches were split along partisan lines, federal judicial intervention was necessary to implement new state legislative plans." *Id.*

Plaintiffs acknowledge that it is the legislature's responsibility to draw new legislative districts after a census. *See* Wis. Const., art. IV, § 3. So, if plaintiffs' prediction is correct, and Wisconsin fails to enact a law establishing new districts before the election, it's hard to see how this court could proceed without input from the legislature. The current defendants, the election commissioners, are responsible for the administration of Wisconsin's elections, but they are not themselves involved in redistricting. The legislature is seeking to intervene to protect its own interests, which the election commissioners are not in a position to represent. The court will grant the motion to intervene and set a briefing schedule on the legislature's motion to dismiss.

The second item concerns a second redistricting case that has also been assigned to this panel, case no. 21-cv-534. Plaintiffs in the '534 case assert essentially the same claims as the plaintiffs here against the same defendants. The court is inclined to consolidate these cases; it will give the parties in both cases a short deadline to state their positions on the issue. The legislature's motion to intervene in the '534 case will be stayed pending the court's decision on consolidation.

The third item concerns scheduling. All recognize that given the delay in the release of the 2020 census results with the 2022 mid-terms approaching, time is particularly short. Accordingly, to prepare for the possibility that the cases will be fully litigated, the court will direct the parties in both cases to confer on full case schedule and to submit a joint proposal, setting out any points of disagreement.

The fourth and final item concerns another motion to intervene in this case. Dkt. 21. The court will set a briefing schedule on that motion in the order below.

ORDER

IT IS ORDERED that:

1. The Wisconsin Legislature's motion for leave to file a reply brief in support of its motion to intervene, Dkt. 23, is GRANTED.

2. The legislature's motion to intervene, Dkt. 8, is GRANTED. The parties may have until September 13, 2021, to file a response to the legislature's motion to dismiss, Dkt. 9-2. The legislature may have until September 20, 2021, to reply.

3. The parties may have until September 7, 2021, to show cause why this case should not be consolidated with case no. 21-cv-534.

4. The parties may have until September 7, 2021, to file a response to the motion to intervene filed by Billie Johnson, Eric O'Keefe, Ed Perkins, and Ronald Zahn, Dkt. 21. The proposed intervenors may have until September 10, 2021, to file a reply.

5. The parties may have until September 13, 2021, to submit a joint proposed schedule for this case and case no. 21-cv-534, setting out any points of disagreement.

Entered August 27, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

/s/

_____
AMY J. ST. EVE
Circuit Judge

/s/

_____
EDMOND E. CHANG
District Judge