IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA HUNTER, JACOB ZABEL,
JENNIFER OH, JOHN PERSA, GERALDINE
SCHERTZ, and KATHLEEN QUALHEIM,

                Plaintiffs,
    and

BILLIE JOHNSON, ERIC O'KEEFE, ED PERKINS,
and RONALD ZAHN,

                Intervenor-Plaintiffs,
    v.

MARGE BOSTELMANN, JULIE M. GLANCEY,
ANN S. JACOBS, DEAN KNUDSON, ROBERT
F. SPINDELL, JR., and MARK L. THOMSEN, in
their official capacities as members of the
Wisconsin Elections Commission,
                                            ORDER

                Defendants,
                                            21-cv-512-jdp-ajs-eec
    and

WISCONSIN LEGISLATURE,

                Intervenor-Defendant,
    and

CONGRESSMEN GLENN GROTHMAN,
MIKE GALLAGHER, BRYAN STEIL, TOM TIFFANY,
and SCOTT FITZGERALD,

                Intervenor-Defendants,
    and

GOVERNOR TONY EVERS,

                Intervenor-Defendant.

---

BLACK LEADERS ORGANIZING FOR
COMMUNITIES, VOCES DE LA FRONTERA,
the LEAGUE OF WOMEN VOTERS OF
WISCONSIN, CINDY FALLONA, LAUREN
STEPHENSON, and REBECCA ALWIN,

       Plaintiffs,

 v.              ORDER

MARGE BOSTELMANN, JULIE M. GLANCEY,  21-cv-534-jdp-ajs-eec
ANN S. JACOBS, DEAN KNUDSON, ROBERT
F. SPINDELL, JR., and MARK L. THOMSEN, in
their official capacities as members of the
Wisconsin Elections Commission, and
MEAGAN WOLFE, in her official capacity as the
administrator of the Wisconsin Elections Commission,

       Defendants.

---

  The court held a video status conference on September 21, 2021, to gather information needed to set the case schedule. All the parties appeared by counsel, as did the recent proposed intervenors.

  The court recognizes that responsibility for drawing legislative and congressional maps falls primarily to the states. But the time available for redistricting is unusually compressed during this decennial cycle because of the late release of the 2020 Census data, and the problem is particularly acute in Wisconsin because its primary election date has been moved up to August. So previous federal redistricting cases may not be useful scheduling prototypes. In *Branch v. Smith*, 538 U.S. 254, 260–62 (2003), the Supreme Court approved the use of the earlier candidate-qualification deadline (rather than the election date itself) to establish a deadline by which the state had to establish its maps to forestall federal adjudication. Based on information from the defendant Wisconsin Election Commission, March 1, 2022, is the date by which maps must be available to the Commission if it is to effectively administer the

2

2022 elections. Should it be necessary for this court to adjudicate Wisconsin's maps, a trial of the issues would have to be complete by January 28, 2022, to give the court time to consider the evidence, make the necessary factual findings, and issue a reasoned decision.

Accordingly, as ordered during the status conference, the parties have until September 28, 2021, to confer and submit a joint proposed discovery plan and pretrial schedule on the assumption that trial will be completed by January 28, 2022, with trial briefs due a week before the start of trial. The court fully expects the parties to cooperate and submit a joint proposal, but the parties may submit alternatives on points of unresolvable disagreement.

Establishing the trial-completion date and setting a corresponding pretrial schedule does not mean that this court will inevitably adjudicate Wisconsin's maps. If the State enacts maps by March 1, 2022, the court may be able to refrain from issuing a judgment in this case. And there may be other circumstances that affect the case schedule. For example, if the State were to enact legislation that moves the nomination-petition circulation deadlines, and the related deadlines, later into 2022, thus relieving some of the urgency the Commission now faces, then the Court could consider alternative trial dates. Given these contingencies, the court will allow a party to propose an alternative schedule with a different trial date if the party disagrees with the Commission's March 1 deadline. Any alternative schedule must include the reasons for the party's disagreement with the Commission's deadline. And to be clear, submitting such an alternative proposal does not relieve the party of its obligation to cooperate in preparing the plan for the January trial.

Entered September 21, 2021.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge

        /s/

        _____
        AMY J. ST. EVE
        Circuit Judge

        /s/

        _____
        EDMOND E. CHANG
        District Judge